# EXHIBIT A

**CATHERINE M. CARTON, Esq. (#00842-1999)**
**Levinson Axelrod, P.A.**
3641 US 9 North
Howell, NJ 07731
T: (732) 730-9600
F: (732) 730-9630
ccarton@njlawyers.com
*Attorneys for Plaintiff Zdena Zelinsky*

| | |
|---|---|
| **ZDENA ZELINSKY,**<br><br>  Plaintiff,<br><br>v.<br><br>**FREEHOLD WALMART SUPERCENTER; WAL-MART REAL ESTATE BUSINESS TRUST; AMANDA DOE, STORE MANAGER (correct name to be supplied); JOHN DOES 1-10 & ABC CORPORATIONS 1-10, said names ABC, Inc., and John Doe, being fictitious, jointly, individually, and in the alternative representing persons or companies responsible for the ownership, operation, control, maintenance, inspection, repair, stocking and/or arranging of products of the subject premises),**<br>  Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – MONMOUTH COUNTY<br><br>DOCKET NO.:<br><br>Civil Action<br><br>**COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL ATTORNEY, DEMAND FOR INSURANCE INFORMATION, NOTICE TO PRODUCE, DEMAND FOR ANSWERS TO UNIFORM C AND C(1) INTERROGATORIES AND SUPPLEMENTAL INTEROGATORIES** |

Plaintiff, **ZDENA ZELINSKY**, residing at 46 Ford Ave., in the Municipality of Freehold, County of Monmouth and State of NJ says that:

### FIRST COUNT

1. On or about August 5, 2018, the plaintiff, **ZDENA ZELINSKY**, was legally and lawfully upon the premises of defendant, **FREEHOLD WALMART SUPERCENTER**, Freehold, in the County of Monmouth and State of New Jersey when plaintiff, **ZDENA ZELINSKY** slipped and fell on water.

2. At the time and place aforesaid, the subject premises was owned, operated, controlled, inspected, maintained, and/or repaired by defendant, **FREEHOLD WALMART SUPERCENTER.**

3. As such, defendant, **FREEHOLD WALMART SUPERCENTER** maintained a dangerous condition on the premises in the area described above, causing the plaintiff **Zdena Zelinsky** to fall, on water causing serious injury.

4. As a direct and proximate result of the negligence of defendant, **FREEHOLD WALMART SUPERCENTER**, in the ownership, operation, control, maintenance, inspection, and/or repair of the subject premises, the plaintiff was caused to sustain severe, serious and permanent injuries. Plaintiff was caused to suffer great pain and anguish and will in the future be caused to suffer great pain and anguish; they were caused to lose time from their employment and will, in the future, be caused to lose time from their employment; they were caused to incur medical expenses and will, in the future be caused to incur medical expenses; they have been and will be in the future be disabled and prevented from attending to their necessary affairs and business.

**WHEREFORE**, the plaintiff, **ZDENA ZELINSKY**, demands judgment against the defendant, **FREEHOLD WALMART SUPERCENTER** for damages, interest and costs of suit.

## SECOND COUNT

1. Plaintiff, **ZDENA ZELINSKY**, repeats and realleges the allegations of the First Count of the Complaint as if more fully set forth at length herein.

2. At the time and place aforesaid the subject premises was owned, operated, controlled, inspected, maintained, and/or repaired by fictitious defendants, **WAL-MART REAL ESTATE BUSINESS TRUST.**

3. As such, defendant, **WAL-MART REAL ESTATE BUSINESS TRUST;** maintained a dangerous condition on the premises in the area described above, causing the plaintiff **Zdena Zelinsky** to slip and fall, causing serious injury.

4. As a direct and proximate result of the negligence of defendant, **WAL-MART REAL ESTATE BUSINESS TRUST;** in the ownership, operation, control, maintenance, inspection, and/or repair of the subject premises, the plaintiff was caused to sustain severe, serious and permanent injuries. Plaintiff was caused to suffer great pain and anguish and will in the future be caused to suffer great pain and anguish; they were caused to lose time from their employment and will, in the future, be caused to lose time from their employment; they were caused to incur medical expenses and will, in the future be caused to incur medical expenses; they have been and will be in the future be disabled and prevented from attending to their necessary affairs and business.

**WHEREFORE,** the plaintiff, **ZDENA ZELINSKY**, demands judgment against the defendant, **WAL-MART REAL ESTATE BUSINESS TRUST;** individually, jointly and severally and in the alternative for damages, interest and costs of suit.

### THIRD COUNT

1. Plaintiff, **ZDENA ZELINSKY**, repeats and realleges the allegations of the First and Second Count of the Complaint as if more fully set forth at length herein.

2. At the time and place aforesaid the subject premises was owned, operated, controlled, inspected, maintained, and/or repaired by fictitious defendant, **AMANDA DOE, STORE MANAGER (correct name to be supplied);**.

3. As such, defendant, **AMANDA DOE, STORE MANAGER (correct name to be supplied);**

maintained a dangerous condition on the premises in the area described above, causing the plaintiff **Zdena Zelinsky** to slip and fall, causing serious injury.

4. As a direct and proximate result of the negligence of defendant, **AMANDA DOE, STORE MANAGER (correct name to be supplied);** in the ownership, operation, control, maintenance, inspection, and/or repair of the subject premises, the plaintiff was caused to sustain severe, serious and permanent injuries. Plaintiff was caused to suffer great pain and anguish and will in the future be caused to suffer great pain and anguish; they were caused to lose time from their employment and will, in the future, be caused to lose time from their employment; they were caused to incur medical expenses and will, in the future be caused to incur medical expenses; they have been and will be in the future be disabled and prevented from attending to their necessary affairs and business.

**WHEREFORE,** the plaintiff, **ZDENA ZELINSKY**, demands judgment against the defendant, **AMANDA DOE, STORE MANAGER (correct name to be supplied);** individually, jointly and severally and in the alternative for damages, interest and costs of suit.

### FOURTH COUNT

1. Plaintiff, **ZDENA ZELINSKY**, repeats and realleges the allegations of the First through Third Counts of the Complaint as if more fully set forth at length herein.

2. At the time and place aforesaid the subject premises was owned, operated, controlled, inspected, maintained, and/or repaired by fictitious defendants **JOHN DOES 1-10** and **ABC CORPORATIONS 1-10**.

3. As such, defendants **JOHN DOES 1-10** and **ABC CORPORATIONS 1-10** maintained a dangerous condition on the premises in the area described above, causing the plaintiff **Zdena Zelinsky** to slip and fall, causing serious injury.

4. As a direct and proximate result of the negligence of defendants, **JOHN DOES 1-10** and **ABC CORPORATIONS 1-10**, in the ownership, operation, control, maintenance, inspection, and/or repair of the subject premises, the plaintiff was caused to sustain severe, serious and permanent injuries. Plaintiff was caused to suffer great pain and anguish and will in the future be caused to suffer great pain and anguish; they were caused to lose time from their employment and will, in the future, be caused to lose time from their employment; they were caused to incur medical expenses and will, in the future be caused to incur medical expenses; they have been and will be in the future be disabled and prevented from attending to their necessary affairs and business.

**WHEREFORE,** the plaintiff, **ZDENA ZELINSKY**, demands judgment against the defendants, **JOHN DOES 1-10** and **ABC CORPORATIONS 1-10**, individually, jointly and severally and in the alternative for damages, interest and costs of suit.

## FIFTH COUNT

1. Plaintiff, **ZDENA ZELINSKY**, repeats and realleges the allegations of the First through Fourth Counts of the Complaint as if more fully set forth at length herein.

2. The plaintiff herein alleges that there was a breach of various regulations that constitutes a statutory tort.

**WHEREFORE,** the plaintiff, **ZDENA ZELINSKY**, demands judgment against the defendants, **FREEHOLD WALMART SUPERCENTER; WAL-MART REAL ESTATE BUSINESS TRUST; AMANDA DOE, STORE MANAGER (CORRECT NAME TO BE SUPPLIED);, JOHN DOES 1-10 & ABC CORPORATIONS 1-10**, jointly, severally, or in the alternative for damages, interest and costs of suit.

## JURY DEMAND

Plaintiff puts all parties on notice of a demand for trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates CATHERINE M. CARTON, Esq. as trial counsel in the above captioned litigation pursuant to *Rule* 4:25-4.

## CERTIFICATION

The undersigned hereby certifies that this matter is not the subject matter of any other suit, pending or contemplated, in any other court or arbitration proceeding.

## DEMDAND FOR MEDICAL PAYMENTS COVERAGE

Plaintiff **Zdena Zelinsky** hereby demands tender of any and all medical payment ("med pay") provision coverage on the tortfeasors' liability policies. This request hereby constitutes notice of plaintiff's intention to make a claim against such coverage. If information is required to process some claim, please contact the undersigned.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to *Rule* 4:10-2(b), demand is hereby made that defendants disclose to plaintiff's attorney whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment and provide plaintiff's attorney with true copies of such insurance agreements or policies including, but not limited to, any and all declaration sheets. This demand shall be deemed to include and cover not only primary coverage but also any and all excess catastrophe and umbrella policies.

## NOTICE TO PRODUCE

Pursuant to *Rule* 3:18-1, the plaintiff hereby demands that the defendants produce the following documentation within thirty (30) days as prescribed by the Rules of Court. Additionally, please be advised that the following requests are ongoing and continuing in nature and the defendants

are therefore required to continuously update its response thereto as new information or documentation comes into existence.

1. The amounts of any and all insurance coverage covering the defendant, including but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies. For each such policy of insurance, supply a copy of the declarations page.

2. Copies of any and all documentation or reports, including but not limited to, police reports, accident reports and/or incident reports concerning the happening of the incident in question or any subsequent investigation of same.

3. Copies or duplicates of any and all photographs, motion pictures, video, films, drawings, diagrams, sketches or other reproductions, descriptions or accounts concerning the individuals involved in the incident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question. Original digital media should be emailed (unedited, uncompressed in the original file format) to ccarton@njlawyers.com.

4. Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, businesses, corporation, investigative authority or other entity concerning anything relevant to the incident in question.

5. Copies of any and all documentation, including but not limited to, safety manuals, statutes, rules, regulations, books, and/or industry standards which refer to, reflect or otherwise relate to the incident in question or any potential defense to the action in question.

6. Copies of any and all discovery received from any other parties to the action in question.

7. Copies of any and all reports on the plaintiff received by the defendants, or any other party to this suit, from either the Central Index Bureau (C.I.B), I.S.O. ClaimSearch or from any other source.

8. Copies of any and all medical information and/or documentation concerning the plaintiff in this matter whether it concerns any medical condition of the plaintiff in this matter; whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

9. Copies of any and all records of any type subpoenaed by the defendant or received from any other source concerning the plaintiff or the incident in question.

10. A list of all known eyewitnesses to plaintiff's fall, including any relationship to the parties and all available contact information.

11. A list of all employees of the answering defendant who were either working or known to be physically present at the subject premises on the date of plaintiff's fall.

12. An itemization of which employees on the list requested in NTP #10 are still employed by the answering defendant (and therefore able to be produced for depositions).

13. A list of the last known addresses of all employees on the list requested in NTP #10 whom are no longer in the employ of the answering defendant (and therefore are unable to be produced for depositions).

14. A list indicating the number of surveillance cameras at the subject premises and a brief description identifying the location of each.

15. The name of the individual (or individuals) responsible for retrieving video surveillance footage from the system at the time of plaintiff's fall.

16. Any and all treaties, articles, medical journals, literature or other documents which defense intends to rely upon at the time of trial in defending the claim of damages.

## DEMAND FOR ANSWER TO INTERROGATORIES

Demand is hereby made on the defendant to answer fully and responsively Form C and Form C(2) Uniform Interrogatories, found in Appendix II as provided by *Rule* 4-17-1(b)(ii) and other applicable Rules of Court. Demand is hereby made that Defendant answer the attached Supplemental Interrogatories as prescribed by the Rules of Court.

## REQUEST FOR PERMISSION TO VIEW PREMISES

Plaintiff hereby demands, pursuant to *Rule* 4:18-1, that their legal representatives be permitted entry to the premises of the defendant within 45 days from the service of this Complaint for the purpose of inspecting and/or photographing the area where this incident complained of occurred.

## SUPPLEMENTAL INTERROGATORIES

1. Prior to Zdena Zelinsky's fall on August 5, 2018, when was the last time the answering defendant inspected the subject premises?

2. Was any individual or entity responsible for ensuring proper repair and maintenance at the location where Zdena Zelinsky fell on August 5, 2018? If the answer to supplemental #2 is in the affirmative, please provide the full name and address of the company and/or individual(s) responsible for ensuring proper repair and maintenance at the location where Zdena Zelinsky fell on August 5, 2018.

3. In the event the answering defendant alleges that it was not responsible for ownership, operation, maintenance, control, inspection, or repair of the property in question on August 5, 2018, please provide the name and address of any and all persons and/or entities alleged responsible on August 5, 2018.

4. Was the subject accident caught on video, surveillance tape, or any other type of recording?

5. Were there any manuals and/or training material that instructed employees on the proper cleaning and/or maintenance of the subject property, in effect on August 5, 2018?

6. Was an incident or any other type of report authored by the answering defendant or any agent of the answering defendant for Zdena Zelinsky's fall on or about August 5, 2018? If the answer is in the affirmative please attach copies of same.

7. On August 5, 2018, were there any protocols and/or procedures for inspection of subject premises to ensure they are clear of hazards?

8. If the answer to #8 above is in the affirmative, please detail all such protocols and/or procedures.

Plaintiff is entitled to up to ten (10) supplemental interrogatories per defendant pursuant to *Rule* 4:17-1(b)(1). Plaintiff explicitly reserves their right to ask an additional supplemental interrogatory question after service of defendant's answer, pursuant to *Rule* 4:17-2.

### NOTICE REGARDING DEFENSE MEDICAL EXAMINATIONS

Please be advised that the plaintiff hereby objects to the taking of any photographs, x-rays or other reproductions concerning the plaintiff or the plaintiff's injuries at the time of any defense examinations. The plaintiff is not obligated under any Court Rule to bring any records, diagnostic films or other items to defense medical examinations. Therefore, any such request will be ignored.

Defendants are specifically put on notice that if any defense medical examiner requires such information, it should be provided to the doctor by defense counsel and not by the plaintiff. Additionally, the plaintiff will not be providing the defense medical examiner with any information other than to provide a valid photo identification for the purpose of verifying their identify. The

plaintiff will not be filling out any paperwork at the time of the examination. Any paperwork required by the examiner should be completed by the defense counselor requesting the defense medical examination prior to the happening of the examination. If the defense counsel requires information that is not in their possession to complete said paperwork, the proper discovery requests should be made to plaintiff through their counsel.

**LEVINSON AXELROD, P.A.**
Attorneys for the Plaintiff, Zdena Zelinsky

CATHERINE M. CARTON, Esq.

Dated: December 20, 2018

# Civil Case Information Statement

### Case Details: MONMOUTH | Civil Part Docket# L-004539-18

**Case Caption:** ZELINSKY ZDENA VS FREEHOLD WALMART SUP ERCENTER
**Case Initiation Date:** 12/20/2018
**Attorney Name:** CATHERINE MARY CARTON
**Firm Name:** LEVINSON AXELROD
**Address:** 3641 ROUTE 9 NORTH
HOWELL NJ 07731
**Phone:**
**Name of Party:** PLAINTIFF : ZELINSKY, ZDENA
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/20/2018                                                      /s/ CATHERINE MARY CARTON
Dated                                                                                    Signed